**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 26, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHELLE E. BOWERS,

Plaintiff–Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

Defendant–Appellee.

No. 07-5114
(D.C. No. 06-CV-109)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

Michelle E. Bowers appeals from a district court order affirming the denial

of disability benefits by the Commissioner of the Social Security Administration

("Commissioner"). She argues that the vocational expert ("VE") who testified

about jobs in the national economy that she could perform was not fully informed

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of her mental impairments. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we **REVERSE** and **REMAND**.

**I**

At the time of her disability hearing, Bowers was thirty-nine years old and had a high-school education. She testified to numerous physical and mental health issues. Only the latter category—specifically, anxiety and depression—are at issue in this appeal.

Bowers explained that her anxiety interferes with her ability to concentrate and that her depression is "very oppressive[,] . . . like someone is pushing you down." Her sister testified that Bowers has displayed hopelessness, "a tremendous amount of anxiety," and "full fledged" panic attacks. A treating physician submitted a letter, confirming the presence of "anxiety disorders[ ] and severe depression."

The presiding Administrative Law Judge ("ALJ") presented the VE with various hypothetical claimants who suffered from depression and anxiety. The ALJ inquired whether such people could perform Bowers' past relevant work ("PRW") as a janitor, a medical receptionist, a collection clerk, and a client-service representative, and whether there were any other jobs in the national economy that they could perform. Specifically, the ALJ instructed the VE:

> Because of the depression, the anxiety, panic, keep the work simple, repetitive and routine, and then I'm attempting to restrict both content, as well as stress level, and we will put a slight limitation on

contact with the public, coworkers, and supervisors, and limiting contact with the public, it needs to be brief and cursory. It can be repetitive in nature, like hi, welcome to Good Burger, home of the good burger, can I take your order, please. . . . A bank teller might be brief, but it might be more complex than I anticipate. A shoe or dress salesperson might not be overly complicated, but it may be more prolonged than I anticipate. The same holds true as far as brief and cursory contact with coworkers. I've not seen this as something . . . to preclude an assembly line work, but she should not be in a group where she's going to have an interval [sic] part in goal setting, process planning, things of that nature . . . . I do not attempt to restrict routine, ordinary supervision . . . .

Given these limitations, the VE testified that the hypothetical claimants could not perform any PRW, but could perform work in the national economy as clerical mailers or food-and-beverage order clerks, which are unskilled, sedentary jobs.

At the conclusion of the hearing, the ALJ commented, "I don't think we've done much, if any, development on the psychological aspects of [Bowers' restrictions,] which I think probably play much more of a significant role than the physical aspects do." Accordingly, he requested that Bowers undergo a consultative psychological examination.

Bowers was seen two months later by Dr. Brian Snider, who described her psychiatric symptoms as including anxiety and "nightmares and flashbacks of abuse as a child, constant depression, insomnia, poor concentration, irritability, hopelessness, worthlessness, and suicidal thoughts." Snider diagnosed Bowers with post-traumatic stress disorder and "major Depressive Disorder, Recurrent-Moderate." He completed a mental medical source statement, concluding that

Bowers was markedly limited in her ability to maintain attention and concentration for extended periods.  Marked limitations "[s]eriously affect[] [a person's] ability to perform basic work functions."  He also found eight moderate limitations, which "[a]ffect[ ] but do[ ] not preclude [a person's] ability to perform basic work functions."[1]  Snider emphasized that Bowers' "main difficulties in a work environment would be sustaining concentration and persistence."[2]

Thereafter, the ALJ considered the medical evidence, including Snider's findings, and decided that Bowers was not entitled to disability benefits.  He reasoned that, while she could not perform her PRW, she could work in the jobs identified by the VE.  In relying on the VE's testimony, the ALJ summarily concluded that Bowers' limitations were covered by the hypothetical presented to the VE.

---

[1]     The moderate limitations were in the areas of:  (1) remembering locations and work procedures; (2) understanding and remembering detailed instructions; (3) carrying out detailed instructions; (4) performing activities within a schedule, maintaining regular attendance, and being punctual; (5) working without psychologically-based interruptions and performing at a consistent pace; (6) responding appropriately to work changes; (7) traveling in unfamiliar places or using public transportation; and (8) setting realistic goals and making plans.

[2]     The "ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings" is often discussed in terms of concentration, persistence, and pace.  See 20 C.F.R. Part 404, Subpart P, § 12.00(C)(3).  For the sake of clarity, we will use the terms concentration and attention throughout the remainder of our decision when discussing Bower's psychological impairments.

In affirming the ALJ's decision, the federal district court ruled that the ALJ's hypothetical facts "fairly included" Snider's findings. Bowers appeals.

**II**

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." Angel v. Barnhart, 329 F.3d 1208, 1209 (10th Cir. 2003). "Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion." Kepler v. Chater, 68 F.3d 387, 388-89 (10th Cir. 1995).

Bowers argues that the ALJ erred in relying on the VE's testimony because the hypothetical facts considered by the VE do not cover Snider's findings. We agree.

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) (quotation omitted). As a basic premise, we can safely say that a hypothetical is inherently suspect if crafted before the claimant's limitations are reasonably determined. Here, the ALJ created a hypothetical purporting to address Bowers' psychological limitations, but then announced that those limitations would need to be further explored by a consultative examiner. Although we can imagine that subsequent exploration might in some cases

-5-

confirm a hypothetical's validity, that did not happen in this case. Bowers was subsequently found to be seriously impaired in her ability to concentrate and pay attention for extended periods. She was also found moderately impaired in eight other areas. The hypothetical posited for her psychological limitations did nothing more than assume that simple work that was low in stress and brief in interactions with others would be appropriate.

Simple work, however, can be ruled out by a vocational expert on the basis of a serious impairment in concentration and attention. See, e.g., Brosnahan v. Barnhart, 336 F.3d 671, 675 (8th Cir. 2003); Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996). Bowers' eight moderate impairments may also have decreased her ability to perform that sort of work. Cf. S.S.R. 96-9P, 1996 WL 374185, at *9 (indicating that even "[a] less than substantial loss of ability to perform" a basic work activity in unskilled, sedentary labor may erode the occupational base). We take particular note of her moderate impairment in responding appropriately to changes in a routine work setting, which is a general requirement for unskilled work. See id. We also recognize her moderate impairments in understanding, remembering, and carrying out detailed instructions. Although processing detailed instructions is generally not a component of unskilled work, see id., the two jobs specifically identified by the VE assume the ability to carry out written and oral instructions. See U.S. Dep't of Labor, Dictionary of Occupational Titles, Appendix C (4th ed., rev. 1991) (indicating that processing instructions presented

-6-

in written, oral, or diagrammatic form is a component of level three reasoning); id. § 209.567-014 (assigning level three reasoning to work as a food-and-beverage order clerk); id. § 209.687-026 (assigning level three reasoning to work as a mail clerk).

Had the ALJ's hypothetical included all of Bowers' limitations, the VE's response may have been different. Consequently, the VE's testimony does not constitute substantial evidence with which the Commissioner can meet his burden of proving that there are jobs in the national economy that Bowers can perform.

**III**

The judgment is **REVERSED** and the matter is **REMANDED** to the district court, with instructions to remand to the Commissioner for further proceedings in accordance with this order and judgment.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-7-